UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22258

THE AFFILIATI NETWORK, INC., a
Florida corporation,

      Plaintiff,
vs.

MIN PARK, individually, and BMT
GROUP, LLC, a California limited
liability company,

      Defendants.
_____/

## COMPLAINT

Plaintiff, The Affiliati Network, Inc., sues Defendants, Min Park and BMT Group, LLC and alleges:

## PARTIES

1. Plaintiff, The Affiliati Network, Inc. ("AFI") is a corporation duly organized under the laws of the State of Florida, which is a citizen of Florida with its principal place of business in Miami, Florida.

2. BMT Group, LLC ("BMT"), is a limited liability company organized under the laws of the state of Wyoming, which is a citizen of California and has a principal place of business in Los Angeles, California. BMT sought the marketing and advertising services of AFI to generate and drive sales for its online campaign/offer for its supplement products (the "Products"). As a result, BMT regularly transacted business in Miami, Florida in connection with the parties' business transactions that are the subject of this litigation.

3.     Defendant, Min Park ("Park"), is an individual, over the age of eighteen, who is a citizen of Los Angeles, California and is the Chief Executive Officer or BMT. Park regularly transacts and transacted business in Miami, Florida in connection with the parties' business transactions that are the subject of this litigation.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because: (a) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (b) there is diversity of citizenship between the parties because Plaintiff, AFI is a citizen of the state of Florida, Defendants, BMT and Park are citizens of the state of California.

5.     Venue is proper under 28 U.S.C. § 1391(b) in this judicial district because it is where: (a) a substantial part of the events or omissions giving rise to the claims occurred; (b) Defendants are subject to the Court's personal jurisdiction as set forth herein; and (c) the parties' written agreement expressly provides for exclusive jurisdiction/venue in this judicial district.

6.     Defendants are subject to personal jurisdiction in this judicial district because: (a) pursuant to Florida's Long-Arm Statute, Section 48.193, Florida Statutes, Defendants breached the parties' written agreement in Florida by failing to perform acts required by the agreement to be performed in Florida; and (b) Defendants had minimum contacts with Florida so that the Court's exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Additionally, pursuant to Section 19 of the parties' written agreement, Defendants agreed to personal jurisdiction in this Court.

7.     All conditions precedent to bringing this action have occurred, have been performed, are futile, or have been waived.

## GENERAL ALLEGATIONS

8.      AFI is a web-based affiliate marketing company and exchange network based in Miami, Florida that provides a network of publishers and affiliates to its clients allowing them the ability to create and publish successful advertising campaigns, through AFI's network, to drive sales from Internet traffic, sales, leads and conversions.  Essentially, AFI is paid commissions for leads and conversions generated for advertisers, while AFI is obligated to pay the independent affiliates for the work those affiliates perform for the advertisers.

9.      On or about August 20, 2018, AFI and Defendants entered into a written an Insertion Order ("IO"), together with AFI's Affiliate Marketing Agreement ("Terms"), whereby Defendants agreed, among other terms, to pay AFI for its affiliate marketing services.  True and correct copies of the Initial IO and Terms are attached hereto as **Composite Exhibit "A."**  The IO and Terms are hereinafter collectively referred to as the "Agreement."

10.     Pursuant to the Agreement, AFI and Defendants agreed that AFI, through its independent affiliates/publishers, would generate internet traffic from certain traffic types, such as display, banner, e-mail, network, pay per click, and social media, which would direct consumers to BMT's websites that sell its products.

11.     In exchange for Plaintiff's services, Defendants agreed to promptly pay AFI a commission for each conversion generated by AFI's network of independent affiliates, in this instance, when a consumer submits a valid credit card for the initial purchase of BMT's products through its website.

12.     Defendant Park, the CEO and principal of BMT, also agreed to personally, irrevocably, and unconditionally guarantee payment and performance of all the terms of the Agreement as set forth in Section 20 of the Terms.

13. As a result, AFI began and performed the affiliate marketing campaign for Defendants, which continued until the campaign was suspended for nonpayment by AFI during April 2019.

14. AFI issued invoices for its services, and the invoices reflect the amount due on the account. Initially, BMT submitted payments totaling $95,095.00 to AFI for its invoices.

15. However, Defendants did not submit payments to AFI for its remaining March, April, and May 2019 invoices, resulting in an unpaid balance of $158,705.00. True and correct copies of AFI's invoices, as well as its Statement of Account, are attached hereto as **Composite Exhibit "B."**

16. At no time did Defendants terminate the affiliate marketing services that gave rise to the balance due to AFI. Additionally, Defendants never raised any timely complaints or objections to AFI's services or invoices.

17. Instead, Defendants profited greatly from the sales revenue derived from the AFI's affiliate marketing services.

18. Defendants materially breached the Agreement by refusing and failing to timely submit payment to AFI for its invoices, requiring that AFI suspend the campaign.

19. AFI has attempted to resolve the outstanding balance with Defendants, but despite AFI's efforts, Defendants have failed to timely satisfy the outstanding balance due.

20. Pursuant to Sections 4, 17, and 20 of the Terms, AFI is entitled to its reasonable attorneys' fees and costs incurred as a result of bringing this action to enforce the terms of the Agreement.

## COUNT I - BREACH OF CONTRACT
**(against Defendants)**

21. Plaintiff incorporates and re-alleges paragraphs 1-20 above as if fully set forth herein.

22. Plaintiff and Defendants entered into the written and binding Agreement.

23. Pursuant to Section 20 of the Agreement, Defendant, Park agreed to be personally, irrevocably, and unconditionally liable to guarantee payment and performance of all the terms of the Agreement.

24. Plaintiff complied with its contractual obligations under the Agreement by, among other things, performing the affiliate marketing advertisement services.

25. Defendants agreed to pay Plaintiff for services provided pursuant to the Agreement and Defendants agreed to be jointly liable for the debt.

26. Defendants are in default of their obligations under the Agreement by failing to timely submit payment for AFI's advertising services.

27. AFI has suffered damages as a proximate result of Defendants' material breach of the Agreement.

WHEREFORE, Plaintiff, The Affiliati Network, Inc. demands judgment against Defendants, Min Park and BMT Group, LLC, jointly and severally, for its damages, plus prejudgment interest, costs, and reasonable attorney's fees incurred in connection with this action pursuant to the parties' written agreement, and such other and further relief as this Court considers appropriate.

## COUNT II- OPEN ACCOUNT
**(against BMT)**

31. Plaintiff incorporates and re-alleges paragraphs 1-4, 7-8, 11, 13-17 and 19 above as if fully set forth herein.

32. This count is pled in the alternative to Count I above.

33. BMT owes AFI $158,705.00 that is currently due and outstanding for services provided by AFI to BMT as reflected in AFI's invoices.

WHEREFORE, Plaintiff, The Affiliati Network, Inc. demands judgment against Defendant, BMT Group, LLC for its damages, plus prejudgment interest and costs incurred in connection with this action and such other and further relief as this Court considers appropriate.

## COUNT III- ACCOUNT STATED
**(against BMT)**

34. Plaintiff incorporates and re-alleges paragraphs 1-4, 7-8, 11, 13-17 and 19 above as if fully set forth herein.

35. This count is pled in the alternative to Count I above.

36. Before the institution of this action AFI and BMT had business transactions between them and on the date reflected on the attached invoice, they agreed to the resulting balance.

37. AFI rendered an invoice/statement for the monies due to BMT, and BMT did not timely object to the invoices/statement.

38. BMT owes AFI $158,705.00 that is due on the various invoices, plus interest, costs, and attorney's fees, that were issued to BMT.

WHEREFORE, Plaintiff, The Affiliati Network, Inc. demands judgment against Defendant, BMT Group, LLC for its damages, plus prejudgment interest and costs incurred in connection with this action and such other and further relief as this Court considers appropriate.

### COUNT IV- UNJUST ENRICHMENT
**(against all Defendants)**

39. Plaintiff incorporates and re-alleges paragraphs 1-4, 7-8, 11, 13-17 and 19 above as if fully set forth herein.

40. This count is pled in the alternative to Count I above.

41. As a result of the business transactions and services AFI provided to Defendants, AFI has conferred a benefit on Defendants.

42. Defendants knowingly and voluntarily accepted and retained the benefit conferred.

43. Defendants owe AFI $158,705.00 that is due for the benefit of affiliate marketing services provided by AFI.

44. The circumstances render Defendants' retention of the benefit inequitable unless Defendants pay AFI the value of the benefit received for the services provided.

WHEREFORE, Plaintiff, The Affiliati Network, Inc. demands judgment against Defendants, Min Park and BMT Group, LLC, jointly and severally for its damages, plus prejudgment interest and costs, incurred in connection with this action, and such other and further relief as this Court considers appropriate.

Dated:  June 1, 2020.

>Respectfully submitted,
>/s/ *Ruben E. Socarras*
>Ruben E. Socarras - Fla. Bar No. 712256
>rsocarras@cslawfl.com
>CHANE SOCARRAS, PLLC
>327 Plaza Real Blvd., Suite 217
>Boca Raton, Florida 33432
>Telephone: 561.609.3190
>Facsimile:  561.708.6616
>*Attorneys for Plaintiff, The Affiliati Network, Inc.*